# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOZETT PETWAY, | : |
| Petitioner, | : Civ. No. 19-12978 (FLW) |
| v. | : |
| | : **MEMORANDUM AND ORDER** |
| BRUCE DAVIS, | : |
| Respondent. | : |

Petitioner, Mozett Petway ("Petitioner"), is a prisoner serving out a sentence imposed by the courts of the State of Maryland at New Jersey State Prison, in Trenton, New Jersey, pursuant to the Interstate Corrections Compact. Petitioner seeks to proceed with a petition for writ of habeas corpus under 28 U.S.C. § 2241. (*See* Pet., ECF No. 1.) A habeas petition must include either a $5.00 filing fee or an application to proceed *in forma pauperis*. 28 U.S.C. §§ 1914(a), 1915(a); Rules Governing § 2254 Cases, Rule 2, 28 U.S.C.A. foll. § 2254 (applied to this case under Rule 1 of the Rules Governing § 2254 Cases). Although a cover letter submitted with the Petition indicated that a check for the filing fee was included, the Court has not received any filing fee from Petitioner. Nor has it received an application to proceed *in forma pauperis*. Thus, this case is administratively terminated. Petitioner shall be given an opportunity to reopen this action should he so choose.

The Court further notes that, as Petitioner is challenging the execution of a sentence imposed by a state court, his habeas Petition must be construed as seeking relief under 28 U.S.C.

§ 2254, not § 2241.[1] *See Coady v. Vaughn*, 251 F.3d 480, 484–85 (3d Cir. 2001). There is a significant difference, however, between petitions filed under § 2241 and those filed under § 2254, namely, that a party's ability to bring more than one petition seeking relief under § 2254 is strictly limited by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Because of AEDPA's restrictions on successive § 2254 petitions, before a District Court may rule on a § 2254 petition from a *pro se* petitioner, it must first ensure that the *pro se* petitioner has notice that he may either (1) have his petition ruled on as filed, or (2) withdraw the petition and file one all-inclusive § 2254 petition "within the one-year statutory period." *Mason v. Myers*, 208 F.3d 414, 418 (3d Cir. 2000) (internal quotation marks omitted). Consequently, the Court will now provide the *Mason* notice to Petitioner. Within 45 days, Petitioner shall notify the Court as to whether he (1) wishes to have his Petition ruled on as filed or (2) wishes to withdraw his Petition and submit one all-inclusive § 2254 Petition. If Petitioner wishes to proceed under an amended petition, he shall submit the amended petition along with his request to reopen the case.

Therefore, IT IS, on this <u>12th</u> day of June 2019,

ORDERED that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this case; and it is further

ORDERED that, if Petitioner wishes to reopen this case, he shall, within 45 days of the entry of this order, submit a written request to reopen accompanied by either the $5.00 filing fee or a complete application to proceed *in forma pauperis*; and it is further

---

[1] I further note that, insofar as Petitioner seems to seek relief that may only be granted by the Maryland Department of Corrections, namely, a different application by that governmental entity of his work credits, some officer with the authority to actually implement such application may need to be added as a respondent if Petitioner continues with this proceeding.

ORDERED that, if Petitioner notifies the Court that he seeks to reopen this case, he shall concurrently notify the Court whether he wishes to have his Petition ruled on as filed or whether he wishes to withdraw his Petition and submit one all-inclusive § 2254 petition; and it is further

ORDERED that to the extent Petitioner wishes to withdraw his original Petition and submit one all-inclusive amended petition, he must submit the amended petition with his request to reopen the case; and it is further

ORDERED that, if Petitioner seeks to reopen this case but fails to make clear whether he desires to proceed on his original petition or to submit an amended § 2254 petition, then this Court will consider Docket Entry Number 1 as Petitioner's one and only all-inclusive § 2254 petition; and it is further

ORDERED that the Clerk shall serve upon Petitioner by regular U.S. mail (1) a copy of this Memorandum and Order, (2) a blank form Application to Proceed *in Forma Pauperis* in a Habeas Corpus Case, Form DNJ-ProSe-007-B-(Rev. 09/09), and (3) a blank Petition for Relief from a Conviction or Sentence by a Person in State Custody, Form AO 241 (modified):DNJ-Habeas-008(Rev.01-2014); and it is further

ORDERED that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original petition is or is not timely or that Petitioner's claims are or are not duly exhausted.

*s/Freda L. Wolfson*
FREDA L. WOLFSON
U.S. Chief District Judge