UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MOZETT PETWAY, | : | |
| Petitioner, | : | Civ. No. 19-12978 (FLW) |
| v. | : | |
| BRUCE DAVIS et al., | : | **MEMORANDUM OPINION** |
| Respondents. | : | |

I.     **INTRODUCTION**

Petitioner, Mozett Petway ("Petitioner"), is a prisoner serving a sentence imposed by the courts of the State of Maryland at New Jersey State Prison, in Trenton, New Jersey, pursuant to the Interstate Corrections Compact. He has filed a habeas action challenging the execution of his sentence. Respondents, Bruce Davis, Administrator of New Jersey State Prison, and Wayne Hill, Commissioner of the Maryland Department of Corrections, have filed a joint motion to change venue. (ECF No. 6.) For the reasons explained in this Memorandum Opinion, the Court will grant the motion to change venue, transfer this matter to the United States District Court for the District of Maryland. In light of the decision to transfer the matter, the Court finds that the request for counsel is premature and should be considered in the first instance by the transferee court. The Court will deny the motion for pro bono counsel <u>without prejudice</u> to Petitioner's refiling of the motion once the matter is transferred to the United States District Court for the District of Maryland.

II.     **FACTUAL BACKGROUND**

On June 26, 2019, Petitioner Mozett Petway, an MDOC inmate confined at the New Jersey State Prison pursuant to the Interstate Corrections Compact ("ICC"), filed a petition for a

1

writ of habeas corpus, arguing that Maryland Department of Corrections ("MDOC") owes him additional work credits for "cell sanitation." (ECF No. 3-3 at 2.) Petitioner presently is serving a thirty-year sentence imposed by the Circuit Court for Charles County, Maryland, in 1997 for convictions of first-degree murder and unlawful use of a handgun. (ECF No. 3 at 2.) Petitioner's projected release date is February 18, 2022. (ECF No. 3-3 at 12.)

The proceeding was initially terminated, as the Petition did not include a proper filing fee or an application to proceed *in forma pauperis*. (ECF No. 2.) The Court also explained to Petitioner that, as he seeks to challenge the execution of a sentence imposed by a state court, his petition must be construed as seeking relief under 28 U.S.C. § 2254. (*Id.*) Accordingly, the Court gave petitioner the notice required by *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000), and directed Petitioner to notify the Court whether he wished to proceed with his original petition as filed or to withdraw that petition and file an amended, all-inclusive § 2254 petition. (*See id.*)

Petitioner submitted the required filing fee and an Amended Petition under § 2254, and the Court directed the Clerk to reopen the case. (ECF No. 3.) The Amended Petition adds as a Respondent Dayena Corcoran, identified as the Commissioner of the Maryland Department of Corrections. (*Id.*)

Petitioner also includes as an Exhibit to his Amended Petition the MDOC "Out of State Inmate Handbook." (ECF No. 3-3 at 42-50.) The handbook provides: "The Maryland DOC is responsible for your sentence calculation and the crediting/revocation of any credits earned or revoked while housed out of state in accordance with applicable Maryland law and [Department of Public Safety and Correctional Services] policies and guidelines." (ECF No. 3-3 at 47.) "Work, education, and program participation is reported by the receiving state via the Institutional Progress Report and this information is submitted to Commitment staff for review

2

and application of credits." (*Id.*)  The handbook instructs inmates to direct questions regarding sentence computation to MDOC.  (*Id.*)  The handbook also clarifies, "Maryland retains legal custody of you while you are incarcerated out of state.  However, you are subject to the rules and regulations of the receiving state governing prisoner behavior and discipline." (*Id.* at 43.)  Other attachments to Petitioner's Amended Petition indicate that, pursuant to this policy, Petitioner has attempted to exhaust his current complaint through the Maryland Administrative Remedy Procedure ("ARP") process.[1]  (*Id.* at 23-26.)

Upon screening the Amended Petition, the Court directed Respondents to answer the Amended Petition.  (ECF No. 4.)  The Court's Order also permitted Respondents to file a motion concerning venue.  (*See id.* at 2.)

On August 14, 2019, a motion to change venue was filed on behalf of Respondents, Bruce Davis, Administrator of New Jersey State Prison, and Wayne Hill, Commissioner of the MDOC.[2]  (ECF No. 6.)  Respondents request that this Court transfer this case to the United States District Court for the District of Maryland.

Petitioner has not submitted opposition to the motion to transfer venue; however, on August 19, 2019, he submitted a motion to appoint pro bono counsel, arguing that his claims have arguable merit and that he is not capable of litigating the matter without assistance, due to illiteracy and the lack of Maryland legal resources at the prison.  (*See* ECF No. 7.)

---

[1] Respondents do not seek dismissal of the Petition on the grounds that it is unexhausted; they do not concede, however, that Petitioner has completely exhausted the grounds in his petition.

[2] Wayne Hill is the current Commissioner of MDOC. If the Court grants the instant motion, the Maryland Attorney General's Office will undertake representation of Respondents.  The MDOC and Commissioner Hill consent to the relief requested in this motion.  (*See* Declaration of Christopher C. Josephson).

3

## III.  ANALYSIS

### a. Venue Considerations

As explained above, Petitioner acknowledges in his Petition that he is currently serving a Maryland sentence at NJSP and challenges the application of work credits to reduce his Maryland sentence. (*See* ECF Nos. 3 & 3-3.)

Venue for a habeas corpus action is proper in either the prisoner's district of confinement or the petitioner's district of conviction. 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 497 (1973). Venue considerations include, but are not limited to, (1) where "the material events took place, "(2) where the "records and witnesses pertinent to petitioner's claim are likely to be found," and (3) whether the forum is convenient for the parties. *Id.* at 493-94. In *Braden*, the Supreme Court addressed the question of the proper venue of a habeas petition brought by an Alabama inmate challenging Kentucky's failure to bring him to trial on a then three-year-old indictment, concluding that venue was most appropriate in Kentucky. *Id.* at 500. The Court reasoned:

> [T]he State holding the prisoner in immediate confinement acts as agent for the demanding State, and the custodian State is presumably indifferent to the resolution of the prisoner's attack on the detainer. Here, for example, the petitioner is confined in Alabama, but his dispute is with the Commonwealth of Kentucky, not the State of Alabama. Under these circumstances it would serve no useful purpose to . . . require that the action be brought in Alabama.

*Id.* at 499-500; *see also Wilkins v. Erickson*, 484 F.2d 969, 973 (8th Cir. 1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records").

Respondents argue that this case should be transferred to the United States District Court for the District of Maryland for analogous reasons. First, they argue that Petitioner is in the legal custody of Maryland. Second, Petitioner's dispute regarding the proper application of work credits is with the State of Maryland, not the State of New Jersey, and this dispute involves the resolution of Maryland law, which the Maryland federal court would be more familiar. Third, the operative event — the calculation of Petitioner's work credits — occurred in Maryland; thus, crucial records and potential witnesses are located in Maryland given that Maryland determines Petitioner's sentence calculation and New Jersey acts as no more than a conduit of information. (*See* ECF No. 3-3 at 42-50.) Finally, although Petitioner is challenging the execution of his sentence, he has not argued that the relief requested entitles him to immediate release from confinement. *See* ECF Nos. 3 & 3-3; *Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004) (noting that a district court in a location other than the district of confinement may consider a petition under 28 U.S.C. § 2241 where petition does not challenge immediate physical confinement).

The Court agrees with Respondents. Considering all of the circumstances, the convenience of the parties and interests of justice weigh in favor of transferring this action to the United States District Court for the District of Maryland, and the Court will therefore transfer the action pursuant to 28 U.S.C. § 1391.

### b. Petitioner's Motion for Pro Bono Counsel

Petitioner has also sought appointment of counsel pursuant to the Third Circuit's decision in *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993). Because the Court has determined that it will transfer this action to the United States District Court for the District of Maryland and does not reach the merits of Petitioner's habeas claims, the Court finds that appointment of counsel would be premature and should be decided by the transferee court in the first instance. As such,

5

the Court will deny the motion for pro bono counsel (ECF No. 7) without prejudice to Petitioner's refiling of the motion once the matter is transferred to the United States District Court for the District of Maryland.

IV. **CONCLUSION**

For the reasons explained in this Memorandum Opinion, the Court will grant the motion to transfer venue (ECF No. 6) and direct the Clerk of the Court to transfer this habeas action to the United States District Court for the District of Maryland, pursuant to 28 U.S.C. § 1391. In light of the decision to transfer this matter, the Court will deny the motion for pro bono counsel as premature and <u>without prejudice</u> to Petitioner's refiling of the motion once the matter is transferred to the United States District Court for the District of Maryland. An appropriate Order follows.

<u>*s/Freda L. Wolfson*</u>
Freda L. Wolfson
U.S. Chief District Judge

DATED: 3/20/2020